Tole
v.
Hardy.

## TOLE and WIFE *against* HARDY.

ASSUMPSIT for 100 dollars, a legacy bequeathed to Mrs. *Tole*, one of the plaintiffs, by the will of her late father, *William Hardy*, deceased ; tried at the *Montgomery* circuit, *June 9th*, 1825, before WALWORTH, C. Judge.

The declaration was of *Saturday*, the *5th* of *March*, 1825 ; and alleged, that on the *4th* of *May*, 1824, the testator, being seized in fee of a farm in *Springfield, Otsego* county, devised it to the defendant in fee, subject (*inter alia*) to the legacy claimed ; that the testator died on the *12th* of *June*, thereafter ; that the defendant entered into

An action of assumpsit lies, against a devisee, for a legacy charged exclusively on the land devised, or on his person in respect to the land if he enter; and promise to pay. But the aid of the personal estate must be excluded expressly, or by necessary implication, on the face of the will.

Evidence that a third person was in possession of the land, to whom the devisee, before his promise, gave directions as to remaining, and quitting the possession, is sufficient evidence of the entry and possession of the latter, to sustain an allegation to that effect in the declaration, and support a promise to pay the legacy charged ; especially where, after the promise, the devisee took actual possession.

The assent of the executor is not necessary to a legacy charged on land.

Where the testator, having real and personal estate, by his will, provided a support for his wife, out of his estate, requiring her to pay his debts ; and then bequeathed certain specific legacies ; then devised his farm to his son, and directed in terms, that he should pay certain pecuniary legacies to other children, and the will then said, "also, J. H. is to have $250, also to F. H. $100," and appointed the devisee of the farm one of the executors ; *held*, that the direction to the devisee to pay, applied to all the legacies, and charged the land ; but not so as to exclude the aid of the personal estate ; it not appearing on the face of the will that all the personal estate had been bequeathed ; and though this might have in fact been so, yet parol evidence could not be received to vary the construction as it stood on the face of the will, there being no latent ambiguity.

A latent ambiguity is that which arises from evidence, *dehors* the instrument. It may then be explained by such evidence.

A court of law has no jurisdiction of an action to enforce payment of a legacy charged on land devised, or on the devisee in respect of the land, though he may have entered and promised to pay, unless the land be exclusively charged. Where this is not so, jurisdiction belongs to a court of equity.

Though a legacy be charged upon land devised, or on a devisee in respect of the land, yet this does not exclude the aid of the personal estate from the payment. This is always the primary fund for the payment of legacies, unless it be excluded by express words in, or necessary implication, to be derived from the will itself on its face. Such a construction cannot be established by matter *dehors* the will.

What is sufficient proof of assent to a legacy by an executor.

In an action on a promise by a devisee, to pay a legacy charged on the land, or on the devisee in respect of the land, the value of the land is immaterial, and cannot be inquired of at the trial.

possession, and in consideration of the premises, before suit brought, promised the plaintiffs to pay, &c. Plea, the general issue.

At the trial, the will was given in evidence; which was as follows: " and touching such worldly estate wherewith it hath pleased God to bless me, I will and bequeath in the following manner and form: It is my will, that my, &c. wife *M. H.* be maintained out of my estate as long as she lives, and she is to have a cow and four sheep, and a hog kept over and above per year; also, she is to have all the household furniture, and household stuffs whatever; and also, she is to have all the grain that is in the chamber, and in the barn, and on the land at my death; and she is to have the old mare and feathered fowls, and pay all the debts; and she is to have all the cattle, sheep and hogs at her own disposal. Also I give to my son, *William Hardy* (the defendant) all my estate that I now live on, which shall be his forever; and he is to pay as follows: that is, to my son *J. H.* $250, to my son *C.* $250, also to my son *D.* $250, to my son *J.* $200, also to my son *Jer.* $250, also *Jas.* is to have $250 and the Canada mare, and all the farming utensils, such as waggons, sleighs, &c.; the farming mill and cider mill is to remain on the farm. Also, my daughter *Margaret* is to have $100, also my daughter *Mary* $100, also to *E.* $100, also to *F. H.* (the plaintiff's wife) $100." The will appointed the widow executrix and the defendant executor, and was dated *May 4th*, 1824, and duly attested by three witnesses. By a codicil, attested by two witnesses, the testator declared that his will should not take place till six months after his death.

It appeared that the testator died on the 12th of *June*, 1824; and the defendant moved on to the farm devised to him in *February*, 1825. The widow, a witness for the plaintiffs, swore, that the defendant said, about six months after the testator's death, he would pay the legacies in the will, if she would release her dower, maintenance, &c. She did so, and the defendant then said he would go on and take the farm, and pay the heirs.

On objection, the evidence of the release of dower was rejected by the judge. He also excluded evidence as to the value of the farm devised to the defendant.

The witness then testified, that the testator's debts did not exceed $30 in the whole ; and that they were all paid or assumed by her. Direct promises by the defendant, to pay the legacy due to the plaintiffs, was also proved to have been made in *January* and *February*, 1825. But he finally refused to pay, unless a bond with sureties was given. It appeared that he afterwards claimed the farm by virtue of the will. It also appeared that the testator died in possession of the farm.

The plaintiffs having rested, the defendant moved for a nonsuit, on the ground, 1. That the declaration stated the testator died seized in fee. This was overruled, the judge holding that his possession was *prima facie* evidence of the seisin in fee. 2. That no assent to the legacy by the executor and executrix was proved. The judge decided that this was not necessary. 3. That the promise was before the defendant entered, though the declaration alleged, as a part of the consideration, his previous entry. The judge decided that the defendant's election to take was enough ; and the land, being devised to him and charged with the legacy, were the only real and legal considerations ; and if further evidence of taking possession was necessary, it might be given. 4. That the legacy was not charged upon the land, or upon the person of the defendant, in respect of the land ; and was only chargeable upon the personal estate. The judge reserved this question.

The plaintiffs then proved that the will disposed of all the testator's personal estate, except a pew in the church, and one or two small notes, either of which articles were of but little or no value. That the whole of the testator's personal property was of about $500 in value ; and his debts very trifling ; that the defendant had paid some of the heirs in part.

The evidence that there was no personal estate beyond what was mentioned in the will, and specifically devised, was objected to ; because, to give a construction to the

will, this should appear on the will itself. But the judge received the evidence, subject to the opinion of the court.

The plaintiffs also proved, that in *December*, 1824, the defendant gave *James Hardy* liberty to continue on the farm devised, till *May* following ; and that the defendant, at the time of giving liberty, claimed the farm under the will ; and said he would take possession, and pay the legacies. That the defendant, shortly after, told *James Hardy*, he wanted he should go off the farm sooner than he at first directed.

Farther particulars will be found stated in the opinion of the court.

Verdict for the plaintiff, subject to the opinion of the court, on all the questions arising in the cause.

*B. F. Butler*, for the plaintiffs. 1. The seisin of the testator was proved, by shewing him possessed of the premises at the time of his death. 2. Assumpsit will lie against a devisee of land, or on a devise of a legacy in respect of the land, whether expressly charged, or clearly so by implication. 3. The assent of the executor to a legacy is not necessary, when it is charged on the land. (*Toll. L. E.* 306, 2d ed.) 4. The defendant's accepting of the devise, promising to pay, and agreeing with *James* to continue in possession, before the promise, was a sufficient entry to support the declaration. The devise to the defendant is, in fact, the only true and legal consideration for the promise. (1 *Chit. Pl.* 295. 2 *East*, 452. 4 *Mass. Rep.* 64.) 5. The legacy bequeathed to the plaintiff's (*Tole's*) wife is, by the will, charged on the land devised to the defendant, or on the devisee in respect to the land ; and not on the personal property. (3 *Cowen*, 133.) 6. Parol evidence is admissible to shew the situation of the testator, and his property, children, &c. at the time of his death, to aid the court and jury in arriving at his intention, and to give a proper construction to the will. (2 *Ves. Sen.* 216. 4 *John.* 63. 6 *T. R.* 676. *Rob. on Frauds*, 13, 14.)

*I. Selye*, contra. 1. Parol evidence cannot be admitted to explain a will, unless there be a latent ambiguity. (1

*Madd. Ch.* 554.  2 *Bro. Ch. Cas.* 303.)  2. The defend-ant was not in possession when he promised. If not, there is a variance between the declaration and proof.  The consideration must be proved as laid.  (7 *John. Rep.* 321, *and the cases there cited.*)  3. A devisee of real estate is not bound to take it *cum onere.*  And the evidence of an election to do so is, in this case, insufficient.  In all the cases where a recovery has been had, of a legacy against a devisee, it appeared that the devisee had gone into pos-session under the will, and had, in consideration, made an express promise, or what was equivalent.  (3 *John. Rep.* 189.  7 *id.* 99.  10 *id.* 30.  18 *id.* 428.  3 *Cowen,* 133.) 4. The assent of the executor and executrix to the legacy should have been proved.  This was stated in *Beecker* v. *Beecker,* (7 *John.* 99.)  5. The value of the land was a proper subject of enquiry.  The judge held this immate-rial, on the offer of the plaintiff to prove it.  That decis-ion was without objection by the defendant; but it shut him out from similar proof on his part.  He ought not to pay beyond the value of the land.

6. The legacy is not charged upon the real estate, ei-ther expressly, or by necessary implication.  It is to be paid out of the testator's estate generally ; and the per-sonal estate is the first fund to be applied.  On this point, I refer particularly to *Kelsey* v. *Deyo and wife,* (3 *Cowen,* 133.)  That case and the present are much alike in ma-ny features ; but there is one striking difference.  In that case, it appeared from the will itself, that all the testator's personal property was disposed of : here, only some specific articles.  There is no disposition of the tes-tator's general fund of personal property, unless the parol evidence is allowed to give a construction to the will. Even that testimony does not shew the situation of the testator's personal property at the time of making the will. Its situation at any other time is of no consequence.

7. The plaintiffs' only remedy is in a court of equity.

*Curia, per* WOODWORTH, J.  If this action can be sus-tained, it must be on the ground that the legacy claimed

is charged on the estate devised, or on the defendant in respect to the estate; that the defendant became seised, entered on the premises, and thereupon promised to pay.

In the declaration, it is alleged that the defendant entered under the will, and thereby became liable to pay, and, being so in possession, promised.

It is contended that the defendant had not taken possession when the promise was made. The evidence is, that *James Hardy*, being in possession about six months after the testator's death, the defendant gave him permission to remain on the farm devised, until the month of *May* following; that the defendant then claimed the farm by virtue of the will; and said he would take the land, and pay the legacies: that about a week or two afterwards, the defendant requested him to leave the farm, the then next week. The promises were made in *January* and the beginning of *February*. The defendant actually took possession about the 15*th* of *February*.

If possession be necessary to be proved, as well as the election of the defendant to take, I think that fact sufficiently made out. *James Hardy*, also a son of the testator, was in the actual occupancy, not holding adversely. In law, it must be considered as the possession of him in whom the title was vested. It further appears, that the defendant considered the possession as at his disposal; and that *James* held subject to his control. The defendant gave him permission to remain on the farm until *May*. That *James* acquiesced, is fairly to be presumed; as no objection was made on his part to the right assumed to control the possession. Afterwards, and before the promise, *James* is directed to quit. It is matter of inference that he did quit, as the defendant entered in *February*. These facts, taken in connexion, show very satisfactortly, that the defendant had possession, by his tenant, or by a person occupying subject to his direction or control.

I incline to the opinion, that this testimony supported the promise as stated in the declaration. The case of *Wells* v. *Prince*, (4 *Mass. Rep.* 64,) decides, that if a stranger is in possession, under, or acknowledging the ti-

tle of the devisee or remainderman, it is equivalent to an actual entry. *Parsons*, Ch. J., observed, " It is a general rule of law, that on the death of the devisor, dying seised, the devisee is not seised until entry be made for his use, or some other act done which in law is considered as having the effect of an entry." From what has been already stated, it will be perceived that the case before the court comes within the rule laid down. *James Hardy* must be considered as having been in possession under the defendant; and acknowledging his title.

If it was necessary to prove the assent of the executor and executrix to the legacy, enough was shown to establish that fact. On this point, the release of dower by *Margaret Hardy*, the executrix to the defendant, who was the executor, may be noticed. She states that the defendant applied to her and said, if she would sign off her right, he would go on and pay the heirs. She complied; upon which he said he would then go on and take the farm. This act is a clear manifestation of assent.

But it was not necessary to prove the assent of the personal representatives. It is true that, if a man bequeaths his chattels real or personal, or gives any specific legacy, the legatee cannot enter, or take the legacy, without the consent of the executor. The reason is, because the personal estate is liable in the hands of the executor to the payment of the testator's debts. He must take care to satisfy debts before legacies. But when a man seised in fee devises, the devisee may enter without the assent of the executor; because the latter has nothing to do with the real estate. (*Co. Lit.* 111, *a.* 1 *Saund.* 278, *n.* 5.) This is the law in *England;* and the law is the same here, except that a power is given by statute, on the application of an executor, to sell lands for the payment of debts. The executor has no other control over them. He has no authority to take possession of, or hold the inheritance. Consequently the devisee need not prove his assent. Besides; in this case it appears that the debts did not exceed $30; and the personal estate was equal to $500. There could be no resort to the land.

According to the principle upon which the liability of the defendant rests, the value of the farm is an immaterial inquiry, if the defendant elected to take it *cum onere*, entered into possession, and promised to pay.

The material question is, whether the legacy was charged on the land, in exoneration of the personal estate, by express words, or a plain intent of the testator.

This case bears some resemblance to that of *Kelsey* v. *Deyo*, (3 *Cowen*, 133.) Here, as in that case, the debts are directed to be paid out of the personal estate. This, I think, is manifest; as no real estate is devised to the wife of the testator, and she is directed to pay the debts. The farm is devised to the defendant; and pecuniary legacies to other children, of whom the wife (plaintiff) is one. The will says the defendant is to pay as follows; naming five of the children. It then proceeds, "also *James Hardy* is to have $250, also to *Fidelia Hardy*" (the wife, plaintiff) "$100." In my opinion the testator intended, and so the will is to be construed, that the defendant should pay the legacies. The direction at the beginning of the bequests undoubtedly applies to all; and shows pretty clearly that it was intended to charge the real estate. But it by no means proves that the personal estate was not first to be called in aid of the real. Several specific legacies of personal property are given in the will; but it no where appears that they included all the testator's personal estate. There is no bequest of the whole; and herein the case materially differs from *Kelsey* v. *Deyo*. The argument cannot be urged, that it is apparent the testator intended to charge the real estate exclusively, from the fact that all his personal property was given to others.

If then there is not enough on the face of this will, to make the legacy a specific charge on the farm, or, in other words, to exclude the personal estate from coming in aid of the real; the cause belongs to a court of chancery. A court of common law has not jurisdiction. In *Livingston* v. *Newkirk*, (3 *John. Ch. Rep.* 319,) this doctrine is fully examined. The chancellor observed, "It is too well settled to be questioned, that the personal estate is to be

first applied to the payment of debts and legacies; and that a mere charge on the land will not exonerate the personal estate; nor any thing short of express words, or plain intent in the will of the testator."

If such be the legal construction of this will, parol evidence cannot be resorted to, for the purpose of showing a different intent. There is no latent ambiguity. That is made out by proof of extrinsic facts, and may be removed by parol. Here the fact that the testator had no other personal property, raises no ambiguity; but, if admissible, it is to give a construction that the farm is exclusively to be charged; for so I am inclined to think would be the result, had the facts clearly appeared in the will. That such evidence must be rejected, is in accordance with the general current of authority. I need only mention a few cases, where it has been held that parol evidence is not admissible to shew the intention of the testator, against the construction on the face of the will, and that the state of his property cannot be resorted to as a criterion to explain it; and that generally, the will is not to be construed by any thing *dehors*, where there is no latent ambiguity. (8 *Ves.* 22. 18 *id.* 466. 1 *Ball & Beat.* 543. 1 *Mer.* 194. 3 *id.* 316.)

It is evident, then, from the rules of evidence applicable to the construction of wills, that if, on the face of this will, it cannot be collected that the charge is exclusively on the land, evidence of the state of the testator's property cannot be called to its aid. The law, in its wisdom, has established certain land marks, by which we are to be governed. The security of property depends on adhering to them. We are not permitted to lay hold of parts of a will which indicate a probable intent; and determine according to impressions thus derived. It is necessary that the will itself should contain what the law has adjudged competent evidence of intent. In this case, it is probable the testator may have intended to exonerate the personal property; but this intent is no where expressed; nor can it necessarily be inferred. So, also, the testator may not have possessed any personal property, other than that bequeath-

ed. His will is silent in this respect. There is, there-fore, the omission of a material fact, without which, or without some other clear indication, not contained in the will, the law adjudges that the legacy is not a charge on the land exclusively.

I am of opinion that the defendant is entitled to judg-ment,

Judgment for the defendant.