commenced in the form prescribed by the Code.    These facts, under the present Code, disposed of the motion.

The order must, therefore, be affirmed, with ten dollars costs and the disbursements of the appeal.

BRADY, J., concurs.

---

## SUPREME COURT.

THOMAS M. PETERS, as executor, &c., of SARAH A. RICHMOND, deceased, agt. EDGAR PORTER *et al.*

*Will — construction of — Extrinsic proof to explain ambiguity.*

The testatrix devised two lots and a gore " on the southerly side of Forty-ninth street, near Eighth avenue." Extrinsic evidence upon the trial of the action for construction of the will showed that testatrix owned no property on Forty-ninth street; but did own property on One Hundred and Forty-ninth street answering fully, in other respects, the terms of the devise. Extrinsic proof showed further that persons living above One Hundredth street drop the One Hundred and designate the lot by the remaining figures :

*Held,* that the devisee under the will takes the two lots in question.

It is entirely proper to resort to extrinsic proof to explain a latent ambiguity of this nature as to the subject of the devise, and to make clear the intention of the testatrix.

*Special Term, December*, 1880.

*Samuel Riker*, for plaintiff.

*E. R. De Grose*, for defendant.

*William M. Purdy*, for other defendants.

VAN VORST, *J.* — By the second clause of her will the testatrix, Sarah A. Richmond, devised " all and singular my two lots of land (or one lot and a gore, as it is sometimes called) situate on the southerly side of Forty-ninth street, near Eighth avenue, in the city of New York," to the defendant Edgar Porter on his attaining the age of twenty-five years.

From the extrinsic evidence which I allowed to be introduced it appears that the testatrix owned no property on Forty-ninth street at the time of the execution of her will, or at the time of her death.

It also appears from like evidence that the testatrix, at the date of her will and at the time of her death, owned lands on One Hundred and Forty-ninth street, lying within one hundred feet of Eighth avenue; that in the deed to her such lands are described as two lots, and that the same premises are shown to consist of a lot and a gore. It also appears that persons living above One Hundredth street, in the city of New York, in speaking of property in streets above One Hundredth street, drop the One Hundred and designate the lot by the remaining figures. As an illustration, in speaking of lots on One Hundred and Forty-ninth street, they would designate them as on Forty-ninth street.

The testatrix, owning no lands on Forty-ninth, beyond doubt intended to devise to the defendant Edgar Porter her two lots on One Hundred and Forty-ninth street, which, in other respects, fully answer the terms of the devise, and it must be held that this defendant, under the will, takes the two lots in question.

It is entirely proper to resort to extrinsic proof to explain a latent ambiguity of this nature as to the subject of the devise, and to make clear the intention of the testatrix. The following cases, and others which might be named, establish the propriety of receiving such evidence under the facts and circumstances of this case: *Doe* agt. *Roe* (1 *Wend.*, 548); *Mann* agt. *Mann* (1 *John. Chy.*, 231); *Zole* agt. *Hardy* (6 *Cow.*, 341); *Lefevre* agt. *Lefevre* (59 *N. Y.*, 443); *Pritchard* agt. *Hicks* (273); *Lessee of Allen* agt. *Lyons* (2 *Wash. C. C.*, 475). There must be judgment adjudging a construction of the devise in accordance with the above conclusion, and that the defendant Edgar Porter takes, under the devise, the two lots on One Hundred and Forty-ninth street.