### Valentine Giger et al. v. Levi A. Bishop et al., Executors.

#### Gen. No. 4,869.

1. ATTORNEY'S FEES—*when properly chargeable to estate.* It is not only proper but it is the duty of the judge of probate to allow fees for services of attorneys in obtaining the construction of an ambiguous will and to order their payment from the funds of the estate.

2. EXECUTORS—*when allowance of fees excessive.* Six per cent. upon the total estate handled is an excessive allowance where it appears that the greater portion of the work was performed by executor's attorneys, who were liberally paid, and that otherwise there was no special labor expended in the administration of the estate.

Contested account of executors. Appeal from the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1907. Affirmed in part, reversed in part and remanded. Opinion filed August 6, 1907.

ISAAC N. BASSETT, for appellants; WILLIAM MANN-HARDT, of counsel.

ALEX. MCARTHUR and GEORGE A. COOKE, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

The estate of Jacob Busch, deceased, is being administered in the County Court of Mercer county. The executors filed therein what seems to have been their fifth report. Objections were filed by certain interested parties to certain items of said report. The County Court entered an order disposing of said ob-

jections. An appeal was taken from that order to the Circuit Court, where the matter was heard *de novo* and an order entered disposing of said objections, from which order this further appeal is prosecuted by parties in interest.

Jacob Busch died testate. He left a widow but left no children. The estate was composed of personalty only. The widow renounced the will and thereby became entitled to one-half the estate. Revised Statutes,. chap. 41, sec. 12. The will, after making certain specific dispositions of portions of his estate, concluded as follows: "All the balance to my legal heirs in Germany." The testator came from St. Galls, a German canton in Switzerland, and it was supposed that all his legal heirs other than his widow lived in Switzerland. Accordingly the executors filed a bill in equity to have the will construed and to ascertain who, if anyone, was entitled to the estate under the designation "my legal heirs in Germany." The attorneys for the executors conducted a lengthy correspondence with parties in Switzerland and elsewhere in order to find who were the legal heirs of the testator, and the degree of relationship, and their places of residence, and they took depositions abroad upon these subjects. It was finally developed that all of the testator's heirs lived in Switzerland except Freida Giger, a minor, and it was found that at the time of the testator's death she was. separated from the other members of her family and was living with a family in Leipsic, Germany. In this chancery case the widow had taken the position that the testator left no legal heirs in Germany and therefore the remaining half of the estate was intestate property and passed to her under the Statute of Descent. After Freida Giger was discovered, the claim was set up in her behalf that she was the only heir in Germany and therefore took the entire half of the estate willed to the legal heirs in Germany. There was a decree in that case in favor of all the heirs both in the German

canton of Switzerland and in Germany. Freida Giger prosecuted an appeal from that decree, which was affirmed in this court in Giger v. Busch, 122 Ill. App. 13. The attorneys for the executors took no part in the appeal in this court. By the ruling of the lower court upon the executors' report here involved, the executors were allowed $1,000 for the fees of their attorneys in that chancery case, and it was also ordered that that allowance should be deducted from the half of the estate given to the foreign heirs. This appeal questions the amount of that allowance and the manner of its payment. Upon an examination of the proof we conclude that the amount allowed was not unreasonable. It was argued that these fees should have been claimed in the case in equity and there taxed as costs, and that, no such claim having been there made, the County Court was without authority to make to the executors any allowance therefor out of the estate. We hold that this was a necessary expense incurred by the executors, and that they are entitled to have it paid out of the estate, and that, as no appeal was made to the court in equity to fix the amount and to provide for its payment, the County Court not only had authority to make the allowance, but was in duty bound to do so. If the widow had been content with one-half the estate cast upon her by law upon her renunciation of the will, it would then have been proper to pay this expense out of the other half of the estate, but the widow became an active participant in the litigation. She claimed there were no legal heirs in Germany, and claimed the entire estate, and was defeated in all her contentions. Her part of the estate ought to bear its equal share of this expense. In other words, these are costs and expenses of administration which must be taken out of the entire estate before a division thereof between Mrs. Busch and the other heirs.

The courts below allowed the executors $115 as a balance due for the services of their attorneys in the County Court. That allowance is questioned, and upon

Giger v. Bishop.

examining the proofs we approve it, as well as the amount of the allowances to the guardians *ad litem*.

Up to the date of the filing of the last report the executors had received a total sum of $27,277.89. The commission allowed them in former reports and the commission allowed them in the report now under consideration make a total allowance to them of six per cent. on the entire amount. This appeal questions the propriety of the allowance of so large a commission. The executors received in cash at the time of their appointment $1,671.78. They have turned over to the widow upon her distributive share $5,441.52 in notes held by the deceased. The executors cannot have spent any special labor in handling this cash and these notes. If any expenses shall be incurred in collecting these notes, they will fall upon the widow. We are of opinion that the executors should only be allowed three per cent. upon those two items. They were allowed liberal pay for the services of their attorneys in the County Court, who necessarily did much of the work, and we conclude that after their commissions have been reduced as above indicated they will have received ample compensation. All of the matters involved in this appeal should be paid out of the general estate before distribution to the widow and other heirs.

The order of the court below is therefore affirmed so far as relates to the amount of the allowance for attorney fees and for the guardians *ad litem,* and in all other respects it is reversed, and the cause is remanded to the court below with directions to enter an order upon the objections to said report in conformity with the views herein expressed.

*Affirmed in part, reversed in part, and remanded with directions.*