(123 App. Div. 136.)

## VOSHALL v. CLARK et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. EQUITY—JURISDICTION—ADMINISTRATION OF ESTATES.

An executrix as life tenant under the will had exclusive possession of all the lands of the testator, with authority to collect the rents and income therefrom, which all belonged to her. The will gave the executrix the power to dispose of any of the real estate, if she deemed it wise so to do. The legacies and debts were all paid. No land had been sold over which a controversy had arisen, and no contract made the performance of which depended on the construction of the power of the executrix to sell. No one challenged her authority. *Held*, that she could not ask a court of equity to advise her whether to accept an offer for a specific piece of the

real estate, since a court of equity deals with concrete and substantial controversies affecting the rights of property and genuine litigation, and is not a general legal adviser for executors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 53.]

2. WILLS—CONSTRUCTION—ACTION—GROUNDS.

There is no inherent power in a court of equity to construe a devise. Such authority belongs incidentally to its jurisdiction over trusts, or else is derived from Code Civ. Proc. § 1866, which provides that the construction of a testamentary disposition of real property which would descend to the heir of an intestate may be determined in an action brought for that purpose in like manner as the validity of a deed purporting to convey land may be determined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1676.]

3. SAME.

A will making a complete disposition of the testator's property, but giving the executors express power to dispose of any of the real estate, if at any time they deem it wise so to do, to collect rents and care generally for the real estate, and authorizing them in case the land is sold to invest the proceeds, creates no trust in the surviving executrix so as to authorize the construction of the will by a court of equity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1673.]

Appeal from Trial Term, Monroe County.

Action by Caroline P. Voshall, as executrix of John George Wagner, deceased, against Harriet M. Clark and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The action is in equity to construe certain provisions of the will of John George Wagner, deceased. The testator died in August, 1891, and his last will and testament, disposing of all of his property, was duly admitted to probate in September following by the Surrogate's Court of Monroe county. He left a widow and one daughter, the plaintiff, his only heir at law and next of kin. He made a large number of general bequests, all of which have been paid, and several specific devises of real estate which passed directly to the respective devisees, and there are no unpaid debts. He gave to his wife, now deceased, "all the rest, residue and remainder of my property and estate, both real and personal, of every name, nature and description, and wheresoever situate, to have the use, possession and the rents, income and interest thereof, for and during the term of her natural life." By like provision, he gave the use of all his property to the plaintiff upon the death of his wife, and she is now in possession of the real estate, receiving the income therefrom and enjoying undisturbed the full control and benefit of all the residuum of the estate of the testator. Upon her death the entire property is to pass to her lineal descendants, and the defendant Harriet M. Clark is her only daughter and heir at law. The defendant Elsie Harriet Clark is the infant daughter and only child of said Harriet M., and has, therefore, no present interest in the estate of the testator, and her future interest is dependent upon her mother dying before the plaintiff. The other defendants are only contingent beneficiaries. All the defendants, however, answered, admitting the allegations of the complaint, or asking for the construction sought by the complaint, except the infant, on whose behalf the usual answer was served. The plaintiff alone appeals, and no one appears in opposition. The wife, the plaintiff, Charles W. Voshall, her husband, and Christopher C. Werner, were named the executors of the will, all of whom qualified. The widow died, and Mr. Voshall and Mr. Werner resigned, and the letters issued to them were revoked, so that the plaintiff is the only remaining and acting executrix. In the twenty-first paragraph of the will the testator defines the powers of the executors, vesting them with authority to sell real estate as follows: "And my said executors, or a majority of them, and the survivors of such majority, shall in addition to the usual powers and duties vested in executors, have express power and authority to dispose of any specific piece or portion of my real estate, if at any time they shall deem it necessary or advantageous to

dispose of the same. And to that end they are hereby authorized and empowered to make, execute and deliver all necessary deeds and instruments of conveyance and to take back proper bonds and mortgages to secure the purchase money thereof, or any part of the same, payable in such manner and at such times and places as to my said executors shall seem best." In the succeeding paragraph Voshall, the executor, was given an annual compensation of $1,200 upon condition that he properly care for the estate, attend to the collection of the rents and profits, and personally supervise the repairs upon the real estate. There are several questions propounded in the complaint for the court to determine, chief of which are whether the plaintiff as the sole, surviving, and acting executrix has power under the terms of the will to sell the real estate of deceased; and whether it is her "duty  *  *  * to appoint or nominate to the Surrogate's Court a successor to Charles W. Voshall." The complaint alleges that the testator owned at the time of his death a large number of distinct parcels of land and which still remain unsold, and that she "has received and has now pending for her acceptance offers for the purchase of several" of these parcels "which she desires to accept," if she has the authority to convey.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

S. D. Bentley, for appellant.

SPRING, J. The right of the plaintiff to maintain this action at all lies at the threshold of any investigation we are called upon to make. As life tenant, she has exclusive possession and control of all the lands of the testator, with full authority to collect the rents and income therefrom, and they belong absolutely to bar. There is no pressing necessity of a sale of any of these lands. The legacies and debts have all been fully paid, and nothing further can be done toward a settlement of the estate until the death of the plaintiff, and then the property will pass by the terms of the will to her daughter, if she survive her mother. No land has been sold over which a controversy has arisen, and no contract has been made the performance of which depends upon a construction of the power of the executrix to sell. No one is claiming in hostility to her. She, the executrix and life tenant, is invoking a court of equity to advise her whether she may accept an advantageous offer for any specific tract of this land of which she is now possessed. This is too abstract and indefinite a proposition for a court to entertain. A court of equity deals with definite, concrete, and substantial controversies affecting the rights of property, and genuine litigation, and is not a general legal adviser for executors.

Section 1866 of the Code of Civil Procedure prescribes when an action to test the validity or construe a will may be maintained. It provides:

"The validity, construction or effect, under the laws of the state, of a testamentary disposition of real property situated within the state, or of an interest in such property, which would descend to the heir of an intestate, may be determined, in an action brought for that purpose, in like manner as the validity of a deed, purporting to convey land, may be determined."

The present action is not brought to test the effect of the disposition made of the testator's property, or of any interest therein. No controversy is involved. No one has challenged the authority of the executrix. No dispute has arisen over any title derived from her. She

merely seeks a decision of the court in advance for a certificate of authority to exhibit to any prospective purchaser of these lands. An ex parte decision of that character would not bind any one. There is no inherent power in a court of equity to construe a devise. Authority is derived from the section of the Code cited, or else belongs incidentally to their jurisdiction over trusts. Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925. The court say at page 218 of 139 N. Y., page 927 of 34 N. E.:

"The validity of devises and limitations in wills, or of a power conferred thereby, depends upon and is determinable by legal rules, and their determination must ordinarily await an occasion when, in a legal action or proceeding, a right under the devise or limitation or the execution of the power is asserted by one party, or denied by the other."

To the same effect are: Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546; Anderson v. Anderson et al., 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175; Chipman et al. v. Montgomery et al., 63 N. Y. 221, 230; Whitney v. Whitney, 63 Hun, 69, 18 N. Y. Supp. 3; Dill v. Wisner, 88 N. Y. 153. In the case last cited the court states the proposition in this manner at page 160 of 88 N. Y.:

"The right of an executor to commence an action for the construction of a will of real estate depends entirely upon the question whether he is invested with a trust under the will in reference to the subject-matter of the devise, and it is only in such cases that a court of equity, on the assumption of its right of supervision over trusts and trustees, will assume jurisdiction."

Also in Chipman v. Montgomery et al., supra, at page 230 of 63 N. Y.:

"A court of equity has an incidental jurisdiction in respect to wills, and does not take jurisdiction of an action brought merely for the construction of a will or other instrument at the instance of every person who claims to be directly or indirectly interested in the subject-matter of the instrument. The rule is that, to put a court of equity in motion, there must be an actual litigation in respect, to matters which are the proper subjects of the jurisdiction of that court, as distinguished from a court of law. * * * It is by reason of the jurisdiction of the court of chancery over trusts that courts having equity powers as an incident of that jurisdiction take cognizance of, and pass upon, the interpretation of wills. They do not take jurisdiction of actions brought solely for the construction of instruments of that character, or when only legal rights are in controversy."

At best, the power of sale conferred upon the executors is discretionary, and is not essential to carry out the scheme of the will. Coann, as Adm'r, v. Culver, 188 N. Y. 9.[1] No title vested in the executors. They only possessed a naked power of sale. The power conferred upon Voshall to collect rents and care generally for the real estate created no trust in him, but was merely for the purpose of aiding the life tenants in the management of the property committed to them. The authority was personal to him, and when he resigned as executor he relinquished his connection with the estate. The plaintiff possesses all the authority which her husband had, and no one is questioning her right to collect and use the rents and profits and manage the real estate. In case the land is sold, the executors are authorized to invest the proceeds. This authority created no trust over the land, and does not become operative until the executors have exercised their discretionary power to sell.

[1] 80 N. E. 362.

The provisions of a will, although involving no trust, are often construed both in actions at law and in equity. In an action of ejectment, or partition, or of specific performance, or in various other forms of action, it often becomes essential to interpret the terms of a will in order to determine the controversies of the litigants. In these cases there is an actual issue involved. I am, however, unable to find any authority for an executor to maintain an action in equity which is solely advisory in the relief sought and involving the determination of no controversy over property rights.

We do not pass on any of the questions sought to be determined by this action and involving the construction of the will of the testator. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.