No. 82.—JOHN D. CLARK AND ANOTHER, administrators of David Clark, deceased, plaintiffs in error, *vs.* COLUMBUS CLARK AND OTHERS, defendants.

[1.] Upon a proper case made by the representatives, suggesting doubts as to the meaning of the testator's will, and difficulties in its execution, and praying for relief, it is the duty of the Court to render a proper decree in the premises, giving direction as to the true interpretation of the will, as well as the fulfilment of the trusts therein created.

In Equity, in Houston Superior Court. Decided by Judge POWERS, October Term, 1854.

In 1850, David Clark died, leaving his last will and testament, as follows :

After directing that his debts be paid, he says : "Item 3d. I desire that my farming interest be kept together, under the direction of my wife, Lucretia, and some person employed by her discretion, competent to manage a farm until my son Columbus comes to lawful age, then he, Columbus, to have the amount of Two Thousand One Hundred Dollars in property, and a horse, bridle and saddle ; which amount is equal to that already given to my first born son, John David. And I also direct and desire that my third son, George Franklin, have, when he shall come to lawful age, the same amount in property, viz : Two Thousand One Hundred Dollars, and a horse, bridle and saddle ; and that all necessary expenses for education and other expenses, incidental to the proper training and comfort, be defrayed from the proceeds of the farm.

·Item 4th. In the event of my wife Lucretia again connecting herself in marriage, I desire and direct that all the land I may have in possession, together with all the stock, be sold ; that she share the proceeds equally with them ; in all respects to have and share equally with my children.

Item 5th. I direct and desire, that when my land and stock shall be sold, that my daughter, Mary Lucretia, receive for her share, Twenty-five Hundred of the proceeds of said sale.

The 6th item appointed his executors. On the same day, the testator executed a deed of gift, which was never delivered, but found with his will, and was admitted to probate as a part of his will. By this instrument he gave to his daughter, Mary Lucretia, certain negro property for her separate use, and appointed his son, John David, the trustee for said property ; and "also, for that portion of the sale of his land provided for in his last will and testament." These papers were admitted to probate, and the executors having renounced, the plaintiffs in error were appointed to the administration, with the will annexed.

The administrator and administratrix filed this bill, setting

forth that it was doubtful, from the will, whether the farm was to be kept together only until Columbus Clark arrived at age, or to be still kept together afterwards; that it was very inconvenient, and attended with loss to the estate, to keep up the farm; and that it was desirable to have an immediate distribution if practicable; that there was also doubt as to what portion the widow and other legatees took under the will; and whether the specific legacies should be paid before an equal division, or be considered in the division. On these points the bill prayed the instructions and directions of the Court.

Columbus Clark was a minor when the bill was filed, but arrived at lawful age before the answers were made. George F. and Mary Lucretia Clark being still minors, a guardian, *ad litem*, was appointed for them.

The answers of defendants admitted the facts charged in the bill, joined in the desire of complainants for an immediate division, and claimed that it was the intention of testator that all his legatees should share equally in his estate.

The cause coming on for trial upon the bill and answers, the Court, upon the reading of them, dismissed the bill; and this decision is assigned as error.

GILES, for plaintiff in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This bill was filed by the representatives of David Clarke, deceased, suggesting doubts as to the proper construction of the will of the deceased, and asking direction as to the proper execution thereof. The legatees against whom it was brought, admitted, by their answer, that the doubts and difficulties suggested by the complainants did exist and interpose serious obstacles to the fulfilment of the trust created by the will; and consequently, concurred in the prayer for direction, &c.

The bill was dismissed, upon what ground, we are not informed by the record. And to reverse this decree, this writ

of error is prosecuted.   No reason occurs to this Court, why this is not a proper case for the interposition of a Court of Equity.   And with that intimation, we remand the cause, taking it for granted that, upon the hearing, a proper decree will be rendered; such an one as will accomplish the objects of the testator; or if this be not practicable, as nearly so as possible—due regard being had to the rights and interests of minors, as well as all others concerned.