FREENEY and others *v.* FIRST NAT. BANK OF PLATTSMOUTH and others.

(*Circuit Court, D. Nebraska.* May, 1882.)

1. JURISDICTION OF CIRCUIT COURT—PROBATE OF WILL AND ADMINISTRATION OF ESTATE—COUNTY AND PROBATE COURTS.

   As it is the settled law of Nebraska that the county or probate court has original and exclusive jurisdiction in the probate of a will, and the distribution of the estate therein, and that its judgment and order in such matter is final and conclusive unless appealed from, this court can take no step that would interfere with the administration and distribution of an estate in course of administration in such court.

2. SAME—ENJOINING ADMINISTRATION.

   This court can neither enjoin the executor appointed by the probate court from proceeding in the discharge of his duties, and from attempting to take possession of the estate, nor the probate court itself from proceeding further.

3. SAME—PLEA TO JURISDICTION—REMEDY IN STATE COURTS.

   Where the parties have an ample remedy by proceedings in the state courts, and this court clearly has no jurisdiction over most of the matters complained of, and as to the others the question of jurisdiction is extremely doubtful, a plea to the jurisdiction should be sustained.

In Equity. Plea to the jurisdiction of the court.

*M. A. Hartigan* and *Webster & Gaylord,* for complainant.

*J. C. Cowin,* for respondents.

McCRARY, J. The difficulties in the way of maintaining the jurisdiction of this court are the following:

1. It is now the settled law of Nebraska that the county or probate court has original and exclusive jurisdiction in the probate of a will, and that its judgment and order in such a matter is final and conclusive unless appealed from. *Loosemore* v. *Smith,* 11 N. W. Rep. 493. It follows that we have no power to grant any relief except such as might be granted upon the assumption that the will is valid.

2. The statutes of Nebraska not only give the courts of probate exclusive jurisdiction of the probate of wills, but also of the administration of the estates of deceased persons. Comp. St. Neb. p. 205, § 3. Thus it appears that we can take no step that would interfere with the administration of the estate by the probate court. It is said, however, that courts of chancery have a general jurisdiction to decree a distribution of an estate among the persons entitled to share therein. No doubt this is true as a general proposition, but we think it must also be true that, while the estate is in the hands of the proper probate court for the purposes of administration, no other court can interfere with it for the purpose of distribution. Indeed, it is not easy

v.16,no.4—28

to say exactly where the power of administration ceases and that of distribution commences, and the better opinion probably is that the power of the probate court in Nebraska extends to the distribution of the estate. It is certain that the personalty passes into the possession of the executor, and that he is to dispose of it under the orders of the probate court. Does it not necessarily follow that the court must order him to distribute it after the payment of the debts and expenses of administration?

3. This court is asked to enjoin the executor appointed by the probate court from proceeding in the discharge of his duties and from attempting to take possession of the estate, and also to enjoin the probate court itself from proceeding further. Manifestly we can do neither. The probate court has jurisdiction, and therefore the right to proceed. It is in such cases not simply a court of co-ordinate jurisdiction with this court, (which would be sufficient,) but it is a court possessing, as we have seen, exclusive jurisdiction. By general principles, as well as under the express provisions of an act of congress, (Rev. St. § 720,) we are forbidden to enjoin its proceedings.

4. When this case was first brought to our attention we were inclined to think the jurisdiction might be maintained upon the ground that the state district court from which it was removed had jurisdiction, and that, therefore, under the removal acts this court acquired and could exercise it. But it is conceded that since the removal, by a statute of the state, the jurisdiction of the district court of the state has been taken away. Comp. St., tit. "Decedents," § 143. If the jurisdiction of this court depends upon that of the court from which this cause was removed, does it not fall when the jurisdiction of the latter is taken away? It is well settled that the legislature may take away the jurisdiction of a court resting upon state laws in a particular suit after it has been commenced.

5. Counsel insist that the property in question is not assets of the estate, and therefore not within the control of the state court. If the will is valid, the personal property belonging to the deceased at the time of his death is undoubtedly assets to be administered under it, and the right to administer clearly involves the right to determine what estate is to be administered.

If this court should assume to control the probate in the decision of the question whether the particular property here in question is assets which passed by the will, it would assume the right to control the judgment and action of that court in a matter within its jurisdiction. This court will always hesitate to take jurisdiction of a case in

which it cannot grant full relief, or in which it may be brought into unnecessary conflict with the courts of the state.

While maintaining with firmness the jurisdiction conferred upon us by law, we shall never provoke conflicts by any encroachment upon the rights and powers of co-ordinate tribunals.

Under the statutes of the state as they now stand, the complainants have an ample remedy by commencing their proceedings in the probate court, and, if unsuccessful there, by prosecuting their appeal; while, so far as this court is concerned, it has clearly no jurisdiction over most of the matters complained of in the bill and amended bill, and as to the others the question of jurisdiction is, to say the least, extremely doubtful. Under these circumstances, the plea to the jurisdiction will be sustained; and it is so ordered.

DUNDY, J., concurs.

See *Domestic & Foreign Missionary Soc.* v. *Hinman,* 13 FED. REP. 161, and note, 167.