LOUIS N. ANDERSEN ET AL. V. ANDERS P. ANDERSEN.

FILED JULY 3, 1903.   No. 12,819.

1. **Will:** CONSTRUCTION: JURISDICTION.   Where no trust is created, neither the executor, nor the heirs or devisees, who claim only a legal title in the estate, will be permitted to come into a court of equity for the purpose of obtaining a judicial construction of the provisions of a will.   Where only purely legal titles are involved, equity will not assume jurisdiction to declare such legal titles, but will remit the parties to their remedies at law.

2. ——: ——: ——.   The district court has no original jurisdiction in an action to contest a will, or set aside the probate of the same.

3. ——: PROBATE: JURISDICTION.   ·The county court has original jurisdiction in the probate of a will and its order admitting it to probate is conclusive, unless, by a direct proceeding by appeal or otherwise, it is reversed.

4. ——: CONSTRUCTION.   The county court has jurisdiction to construe wills for the purposes of the administration and settlement of estates.   But the construction of a will, in such a case, is for the information and benefit of the executor or administrator only, in order to advise him what course to pursue.   It will protect him from any charge of maladministration of the estate, but it adjudicates nothing beyond his rights and liabilities in the execution of his office; controversies between adverse claimants, under the devise, will not be affected thereby.

5. **Petition:** DEMURRER.   A petition in which it is alleged that the plaintiffs are the owners of and have a legal title to certain real estate, describing it, that defendant by his wrongful acts has cast a cloud on their title, and which contains a prayer for general equitable relief, states a cause of action and will resist a general demurrer.

6. ——: ——: SURPLUSAGE.   If such petition contains other allegations and demands constituting a cause or causes of action over which the court has no jurisdiction, such matters will not render it vulnerable to a demurrer but should be treated as surplusage.

ERROR to the district court for Howard county: JAMES N. PAUL, DISTRICT JUDGE.   *Reversed.*

*F. W. Button, T. T. Bell* and *William F. Button,* for plaintiffs in error.

*Henry Nunn, contra.*

BARNES, C.

The plaintiffs commenced this action in the district court for Howard county. The allegations of their petition were in substance as follows: "That the plaintiffs, Louis N. Andersen, Ole Andersen, and the defendant, Anders P. Andersen, were the sons of one Frederick Andersen, and his only heirs; that on the 7th day of January, 1896, Frederick Andersen executed his last will and testament, and afterwards on the 7th day of July, 1896, departed this life; that he was seized in fee simple at the time of his death of the north half of the northwest quarter of section 33, township 14, range 11, in Howard county, Nebraska; that by his said will he bequeathed all his property, both real and personal, to his sons." A certified copy of the will was attached to the petition marked exhibit "A." It was further alleged: "That the plaintiffs are, each, the absolute owners of, and have legal title to, an undivided one-third interest in the said real estate, and are entitled to the immediate possession thereof; that they claim title under the will as probated in Howard county, Nebraska, as the same appears on file in the probate court of said county, a certified copy of which is now recorded in the recorder of deeds' office of Howard county, Nebraska. Further said plaintiffs claim title by virtue of the fact that they are the legal heirs and sons of Frederick Andersen, deceased." It was further alleged: "That at the time of the death of Frederick Andersen, the plaintiff, Louis N. Andersen, visited Howard county, Nebraska, and was shown by the defendant what purported to be a copy of his father's will; that the plaintiffs learned afterwards, in June, 1901, that the will shown them by the defendant was not a true copy of the will of Frederick Andersen, deceased; that it purported to bequeath all of the property belonging to the deceased, both real and personal, to the defendant Anders P. Andersen, the purported copy reading to my son, Anders P. Andersen, while the true will reads, to my sons; that

plaintiff believed the said defendant was acting honestly; that said copy was a true copy of his father's will, and thereupon notified his brother, Ole Andersen, of the fact, and returned to his home in Kansas. That the defendant petitioned the probate court of Howard county, Nebraska, to probate the will of said Frederick Andersen, deceased, and these plaintiffs being nonresidents of the state of Nebraska, were constructively served, and the said will was probated; that the will probated was the true will of Frederick Andersen, deceased; and bequeathed and devised all of his estate, both real and personal, to his sons; that the defendant thereupon, by fraud and deceit, obtained a purported copy of said will and the probating hereof, which said copy of the will and the probating hereof were false, and which bequeathed and devised the property of the said Frederick Andersen, deceased, directly to his son; said fraudulent copy reading, to my son; and fraudulently procured the same to be recorded with the recorder of deeds of Howard county, Nebraska, in miscellaneous records, 4, at pages 184-6. All this with intent to cheat and defraud the plaintiffs out of their rights in and to said property; and that the said forged will, recorded with the recorder of deeds, as aforesaid, is a cloud on the plaintiffs' title and the title of each of them; that defendant, Anders P. Andersen, is made by the will executor thereof, but he failed to give a bond and take the oath of office; but that all claims presented were paid out of the personal estate of Frederick Andersen, deceased, by the said defendant; that defendant claims to be the sole owner of the real estate described in the petition, by virtue of the said forged will recorded with the recorder of deeds, and also by virtue of the true will, he having fraudulently procured the probate court to find that he is the sole legatee under the will; that there is a dispute between plaintiffs and defendant over the construction to be given the last will and testament of Frederick Andersen, deceased; that the defendant claims that the true will and the one that was probated, reads,

in the first paragraph of the devising part, son, instead of sons. Defendant further claims that if the will reads son, instead of sons, that then the following paragraph of said will naming Anders P. Andersen, executor, shows that he is the son designated, while the plaintiffs claim that if the said will does read son, instead of sons, then said will is void for uncertainty." It was further alleged that: "Frederick Andersen left a considerable amount of personal property; that said defendant has wrongfully and unlawfully appropriated all of said property to his own use, and has failed and refused to divide the same with these plaintiffs according to the terms of the will, or under the law, if the will be void for uncertainty, although he has been requested to do so; that plaintiffs each claim a one-third interest in said personal property under the will, and also under the law, if the will be declared void; that the said defendant has had the use of said real estate since the death of Frederick Andersen, and has failed and refused to account to the plaintiffs for the rents and profits of the same; that the defendant has paid the taxes on the property since his father's death, and that the plaintiffs are ready and now offer to reimburse the defendant for the taxes paid by him."

Following these allegations the petition concludes with a prayer, in substance, as follows: "The plaintiffs therefore pray that said will may be construed, and if the same be adjudged to read sons, that the same may be adjudged good in law, and these plaintiffs may each be adjudged to have an undivided one-third interest in the above described real estate; and if the said will be found to read son, that the same may be adjudged void and of no effect for uncertainty, and that each of these plaintiffs has an undivided one-third interest in the said real estate under the law. That there may be an accounting of personal property and money left by said Frederick Andersen, deceased, and the rentals and profits accruing since his demise, and the taxes paid by defendant, and the expenses incurred in settling all just claims against

the estate, that the defendant may be adjudged as holding the residue of said personal estate in trust for the heirs of Frederick Andersen, deceased, under the will; or if the will be adjudged void for uncertainty, then, under the law, that said forged will may be stricken from the records in the recorder of deeds' office and adjudged of no effect; that the finding of the probate court that Anders P. Andersen is the sole legatee be held void and of no effect, and the order stricken from the records of the recorder of deeds; that if said will be declared void for uncertainty, that said will and the probate thereof be declared void and of no effect, and that the same be ordered stricken from the records of the probate court, otherwise to remain in full force and effect; that each of these plaintiffs may be adjudged to have an undivided one-third interest in said real estate, and that they may have the title to the same quieted in fee simple in each of them; that the defendant may be adjudged to have only an one-third interest in said real estate and no claim to the interest of these plaintiffs; that the plaintiffs may have general relief in equity and recover their costs of action."

The copy of the will attached to the petition is in such a condition that it is difficult to determine, without extrinsic evidence, whether the word in dispute is "son" or "sons." To this petition the defendant demurred for the following reasons: First, because the court has no jurisdiction of the subject matter of the action; second, because the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant. The demurrer was sustained, and the action dismissed. The plaintiffs thereupon prosecuted error to this court, and contend that the court erred in sustaining the demurrer and dismissing the suit.

Plaintiffs now claim, as the basis of their contention, that the action was one to quiet title by persons out of possession, and cite a long list of authorities showing that such an action may be maintained. There is no doubt but that our code provides, that an action to quiet title

to real estate may be maintained by one either in or out of possession, and this is the only relief plaintiffs are entitled to in this action. The allegations and prayer of the petition fairly construed seem to constitute it, first of all, an action to construe a will; and if it is construed according to the plaintiffs' contention, then, to set aside the findings and decree of the probate court in construing it for the purpose of administering the estate of the testator, and the judgment of that court declaring that the defendant was the sole legatee under the will. It is true that the district court has jurisdiction in equity of actions to construe wills, in cases where a trust relation exists by reason of the terms of the instrument itself (3 Pomeroy, Equity Jurisprudence (2d ed.), sec. 1156; *Sellers v. Sellers*, 35 Ala. 235; *Clark v. Clark*, 17 Ga. 485; *Strubher v. Belsey*, 79 Ill. 307; *Bailey v. Briggs*, 56 N. Y. 407; *Chipman v. Montgomery*, 63 N. Y. 221; *Dill v. Wisner*, 88 N. Y. 153; *Collins v. Collins*, 19 Ohio St. 469) and to determine the rights of parties thereunder; while the county court has exclusive original jurisdiction in the probate and contest of wills, and in their construction for the purposes of administration and settlement of estates. Section 140, chapter 23 of the Compiled Statutes, 1901 (Annotated Statutes, 5005); *Loosemore v. Smith*, 12 Neb. 343; *Freeney v. First Nat. Bank*, 16 Fed. 433; *Wolf v. Schaeffner*, 51 Wis. 52; *Appeal of Schaeffner*, 41 Wis. 260. In the case at bar, no trust relation is created by the terms of the will, and it is alleged in the petition that the county court has duly probated it and rendered its decree construing that instrument for the purposes of administration, and has by its judgment declared the defendant to be the only legatee thereunder. This judgment inures to the benefit of the executor only, and informs him what course to pursue. It is sufficient to protect him against any charge of maladministration of the estate. It adjudicates nothing, however, beyond his rights and liabilities in the execution of his office. Controversies between adverse claimants under the devise are in no man-

Andersen v. Andersen.

ner affected thereby. The district court has no jurisdiction in an original action to set aside, modify or annul the findings and judgment of the county court on these matters.

Again, if the plaintiffs' contention as to the proper construction of the will be not adopted, then they ask the court to declare it void for uncertainty in order to invest them with the ownership of two-thirds of the land in question, under the law of descent. This amounts to a proceeding to contest a will. The county court is the tribunal of original and exclusive jurisdiction over such a proceeding, and the matter can only come before the district court on appeal or error from the judgment of that court. However, under our liberal system of pleading, if a petition contains allegations sufficient to entitle the plaintiff to any relief whatever, a general demurrer thereto should be overruled. An examination of the numerous and apparently conflicting allegations and demands for relief, contained in the petition in this case, convinces us that the plaintiffs have alleged that they have a title to two-thirds of the land in question, and are the owners thereof, and of the personal property and proceeds thereof; that defendant by procuring a forged will, the probate thereof, a finding of the county court thereon that he is the sole owner of the land in question, and by filing such documents with the register of deeds of the county where the land is situated, has cast a cloud on their title, which they ask to have removed. It would seem, to that extent, the petition states a cause of action, and therefore the demurrer should have been overruled; and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.