Lesiur v. Sipherd.

LOUIS LESIUR, EXECUTOR, APPELLANT, v. HARMONY C. SIPHERD ET AL., APPELLEES.

FILED APRIL 24, 1909. No. 15,650.

1. **Wills: CONSTRUCTION: JURISDICTION.** The county court has jurisdiction to construe a will for the purpose of advising an executor in the execution of his office under the terms of the will.

2. ———: ———. In the construction of a will, the intention of the testator, as disclosed by the language used therein, considered in connection with surrounding circumstances, will govern, provided in so doing no rule of law is violated or sound policy disturbed.

3. ———: ———. A will contained the following provisions: "(2) I give, devise and bequeath to my beloved wife, Harmony C. Sipherd, all of my real estate and personal property of whatever kind and nature, to be used by her fully during her lifetime, and at her death the remainder is to be divided equally, share and share alike, among my three daughters, Mary Jane Hagedorn, Frankie H. Sipherd and Gertrude May Sipherd. (3) It is my request and I hereby direct my wife, Harmony C. Sipherd, that in case either of my daughters, Frankie H. Sipherd or Gertrude May Sipherd should get married, my said wife is to give each of them the sum of five hundred ($500) dollars cash as a dowry, the same to be taken out of any money in her hands belonging to the estate. This amount is not to be charged to them, but is a donation from their father." *Held*, the will does not create a trust estate, and that the widow takes all of the testator's property without restriction, and that such property as remains at her death vests in Mary Jane Hagedorn, Frankie H. Sipherd and Gertrude May Sipherd, share and share alike.

APPEAL from the district court for Sarpy county: HOW-ARD KENNEDY, JUDGE. *Reversed with directions.*

*George A. Magney,* for appellant.

*H. Z. Wedgwood, contra.*

DEAN, J.

John M. Sipherd died in Sarpy county leaving a will in which he named Louis Lesiur as executor. The deceased left surviving him Harmony C. Sipherd, his widow, and three daughters, Mary Jane Hagedorn, Frankie H. Wilson and Gertrude May Sipherd, who were his sole and only heirs at law. The will contained the following, among other formal paragraphs: "(2) I give, devise and bequeath to my beloved wife, Harmony C. Sipherd, all of my real estate and personal property of whatever kind and nature, to be used by her fully during her lifetime, and at her death the remainder is to be divided equally, share and share alike, among my three daughters, Mary Jane Hagedorn, Frankie H. Sipherd and Gertrude May Sipherd. (3) It is my request and I hereby direct my wife, Harmony C. Sipherd, that in case either of my daughters, Frankie H. Sipherd or Gertrude May Sipherd should get married, my said wife is to give each of them the sum of five hundred ($500) dollars cash as a dowry, the same to be taken out of any money in her hands belonging to the estate. This amount is not to be charged to them, but is a donation from their father." The estate, consisting of real estate in Sarpy county and some personal property, was valued at about $17,000, and a question arising among the beneficiaries of the will concerning the meaning of paragraphs 2 and 3, and the executor, being in some doubt about the construction to be placed thereupon, commenced an action in the county court of Sarpy county to obtain a judicial construction thereof. Upon the hearing that court decreed that the "executor, Louis Lesiur, pay over to the said Harmony C. Sipherd

all the property of John M. Sipherd, deceased, both real and personal, now in his hands for distribution, as such executor, for the term of her natural life, and at her death the remainder is to go to Mary Jane Hagedorn, Frankie H. Wilson and Gertrude May Sipherd in equal shares."

Mary Jane Hagedorn, the eldest daughter, was dissatisfied with this construction of her father's will, and appealed therefrom to the district court, where, upon hearing, the judgment of the county court was reversed, and the following judgment was rendered: "That the defendant Harmony C. Sipherd have, and she is hereby given, the use and income during her lifetime of all the estate and property, both real and personal, of which the said John M. Sipherd died seized and owned at the time of his death, and at her death the corpus or principal of said estate goes to and vests in the defendants Mary Jane Hagedorn, Frankie H. Wilson and Gertrude May Sipherd, share and share alike; that the possession of the real estate and specific chattels be forthwith delivered to the defendant Harmony C. Sipherd, and upon the execution and delivery by her to the county judge of said Sarpy county, within 20 days from the entry of this decree, of a good and sufficient undertaking, in an amount equal to 125 per cent. of the money and choses in action of said estate, conditioned for the preservation by said defendant and the forthcoming at her decease of said property, which undertaking is to be approved by the county judge of Sarpy county, Nebraska, then in that event said money and choses in action are to be by the plaintiff turned over and the possession thereof delivered up to her; but upon the failure of the said defendant to so give said undertaking within said time the plaintiff must continue as executor of said will and administer said money and choses in action during the lifetime of the defendant Harmony C. Sipherd, paying to said defendant the interest and profits derived therefrom as obtained by him, and he shall conserve, protect and hold the corpus or principal thereof intact for, and at the death of the said

Harmony C. Sipherd deliver up and turn the same over to, the defendants Mary Jane Hagedorn, Frankie H. Wilson and Gertrude May Sipherd, share and share alike." From this decree of the district court, reversing the judgment of the county court, the executor has brought the case here for review.

Counsel for Mrs. Hagedorn denies the right of the executor to maintain this action for the reason that he is not the real party in interest, and in support of his contention cites *Andersen v. Andersen,* 69 Neb. 565. This point is not well taken and is not supported by the *Andersen* case. On the contrary, this court, speaking by BARNES, J., in that opinion, holds in effect that the county court is clothed with jurisdiction to construe a will for the purpose of advising the administrator of the course to be pursued in the execution of his office under its terms. In the case at bar the executor sought and obtained a construction of the will in the county court. One of the beneficiaries, being dissatisfied with the action of the county court in the premises, appealed to the district court. Upon a hearing in that court it was sought to impose a burden upon the executor that was not imposed upon him by the terms of the will. It was sought to make of him a trustee under the terms of an instrument that does not create a trust relation. This it was not competent for the district court to do over the executor's objections, and he has appealed for relief to this court. The case is properly here for a final construction of the two paragraphs of the will in controversy.

To the mind of the court the terms of the will are not ambiguous. It appears to us that it was the intention of the testator to give to his wife all of the property named in the will without any restrictions of any sort whatever, except that such of the devised property as remains at her death is to be divided equally, share and share alike, among the three daughters of the testator. All the language of the will taken together implies that this was the intention of the testator. Had his intention been

otherwise, it would seem that he would have made other provisions than those made by him for the payment of "the sum of $500 cash as a dowry" that was to be paid to the girls in the event of their marriage. This provision clearly to our mind contravenes the contention of the appellee that the property of the testator should be placed in the hands of a trustee. There is no language in the instrument under consideration that indicates the purpose of the testator to create a trust, and it is not the province of the court to read an intent or a purpose into a will that is not clearly expressed by the language of the instrument itself. To do so would be to make the instrument the will of the court, and not that of the testator. It is a well-established rule of law that, in the construction of a will, the intention of the testator as disclosed by the words used in the instrument, in connection with surrounding circumstances, must be carried into effect, unless there is something in it contrary to law or that is in contravention of public policy. *McCulloch v. Valentine,* 24 Neb. 215; *St. James Orphan Asylum v. Shelby,* 60 Neb. 796; *Little v. Giles,* 27 Neb. 179.

In the event of an attempt on the part of a life beneficiary to waste or squander an estate, it would doubtless be competent, upon a proper showing being made, to obtain an order restraining such dissipation; but that question is not presented to us by the record and is not decided herein.

We have carefully examined the record, and conclude that the judgment of the district court must be, and it hereby is, reversed and remanded, with directions that a judgment be entered therein in conformity with the judgment of the county court of Sarpy county, directing Louis Lesiur, executor, to pay over to the said Harmony C. Sipherd all of the money and to deliver to her all of the property coming into his hands by virtue of his office and belonging to the estate of the said decedent, and that the judgment of the district court by its terms decree that upon the death of said Harmony C. Sipherd the

remainder of said property vest in the said Mary Jane Hagedorn, Frankie H. Wilson and Gertrude May Sipherd, share and share alike. It is ordered that such judgment, when entered in the district court, be certified to said county court for its direction in the premises.

JUDGMENT ACCORDINGLY.