HANNAH C. KRAUSE, APPELLANT, V. EUGENE W. KRAUSE, APPELLEE.

FILED DECEMBER 31, 1924.   No. 22906.

1. **Wills: Construction: Power to Devise.** A testator's will provided for (1) payment of his debts out of his personal estate, and (2) the expenses of his last illness, and (3) his funeral expenses, and (4) giving and bequeathing all of his personal estate to his wife.  This was followed by the following specific provisions:

"Third.  I also give and bequeath to my beloved wife, Susana Krause, all the real estate owned by me and of which I am seised, at the time of my demise, hereby intending and making her, the said Susana Krause, owner in fee, with full title, of all property, personal and real, of which I may be the owner at the time of my death, with full power and authority to sell and convey the same, and by deed convey a title in fee to her grantees."

"Fifth.  I furthermore give and bequeath to my beloved sons and only heirs at law, Eugene W. Krause and Amandus J. Krause, share and share alike, all of the real estate owned by me at the time of my death, which my beloved wife, Susana Krause. has not sold or disposed of during her lifetime."

*Held,* that under the third paragraph of her husband's will, when construed in connection with the fifth paragraph, in respect of real estate, the testator's widow was vested, solely and only, "with full power and authority to sell * * * and by deed con-

vey a title in fee to her grantees," in and to the real estate owned by her husband when he died; and, *held*, that her husband's will did not vest her with power to give, devise, or dispose of any part of such real estate by her will.

2. ——: ——. "When * * * there are different provisions in the same will as to the disposition of specified property, they must be construed together to ascertain the intention of the testator. * * * The devise and the attempt to devise over must be construed together to ascertain whether the testator intended to convey a life estate to one and remainder to another." *Grant v. Hover*, 103 Neb. 730.

3. ——: ——. "No particular words, no conventional forms of expression, are necessary to enable one to make an effective testamentary disposition of his property. The court, without much regard to canons of construction, will place itself in the position of the testator, ascertain his will, and, if lawful, enforce it." *Weller v. Noffsinger*, 57 Neb. 455.

4. ——: ——. In the construction of a will, "that which the statute expressly requires shall be consistent with the general rules of law, is not the construction of the instrument, but the intent of the parties." *Albin v. Parmele*, 70 Neb. 740.

5. ——: ——: JURISDICTION. "The district court has jurisdiction in an action of partition to construe a clause in a will determining the rights of the parties to the land under the will." *Mohr v. Harder*, 103 Neb. 545.

APPEAL from the district court for Cuming county: WILLIAM V. ALLEN, JUDGE. *Reversed, with directions.*

*Hainer & Flansburg* and *Zacek & Nicholson*, for appellant.

*Moodie, Burke & Moodie* and *Burkett, Wilson, Brown & Wilson, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

DEAN, J.

William E. Krause, late of Cuming county, died testate, February 19, 1908, leaving him surviving, as his next of kin and only heirs at law, his widow, Susana Krause, and his adult sons, Eugene W. Krause and Amandus J. Krause.

Decedent left no issue of any deceased child him surviving. Amandus J. Krause died intestate, September 13, 1914, leaving him surviving, his widow, Hannah C. Krause, plaintiff herein. Eugene W. Krause is the sole and only defendant. Plaintiff alleges that, when her husband died she and Eugene W. Krause, and Susana Krause, were the "sole and only heirs at law and next of kin" of her deceased husband, Amandus J. Krause, and that her husband left no issue, nor the issue of any deceased brother or sister him surviving.

When William E. Krause died, he was the owner of certain city lots in Omaha, and in West Point, where he resided, and some farm lands in Cuming and Box Butte counties. The ownership of an undivided one-fourth part of such real estate as was not sold and conveyed by Susana Krause, in her lifetime, and under the terms of her husband's will, hereinafter discussed, is the subject of this suit.

The third and fifth paragraphs of the Krause will read:

"Third. I also give and bequeath to my beloved wife, Susana Krause, all the real estate owned by me and of which I am seised, at the time of my demise, hereby intending and making her, the said Susana Krause, owner in fee, with full title, of all property, personal and real, of which I may be the owner at the time of my death, with full power and authority to sell and convey the same, and by deed convey a title in fee to her grantees."

"Fifth. I furthermore give and bequeath to my beloved sons and only heirs at law, Eugene W. Krause and Amandus J. Krause, share and share alike, all of the real estate owned by me at the time of my death, which my beloved wife, Susana Krause, has not sold or disposed of during her lifetime."

Plaintiff alleges that she, as the "widow of Amandus J. Krause, deceased, is the absolute owner of an undivided one-fourth interest" in and to the real estate owned by William E. Krause when he died, except so much thereof as was sold by Susana Krause, under the terms of her husband's

will.  She prays for partition and for confirmation of the
shares of the parties as their respective interests may be
established.  Plaintiff concedes that defendant is the owner
of an undivided three-fourths interest in and to the real
estate in suit.

A little over 13 years after the death of the testator,
namely, April 1, 1921, Mrs. Susana Krause died, testate.
Her will is dated September 25, 1914.  The first and second
paragraphs of her will provide for the payment of her
debts, funeral expenses, and the like, and for a trifling be-
quest in money, and in the third paragraph she gives, de-
vises and bequeaths "all the rest, residue and remainder"
of her property, "both real and personal," to her son Eugene
W. Krause.

Defendant bases his claim to the real estate in question
upon the foregoing will of Susana Krause.

Upon final submission the court found that plaintiff is
not the owner of the real estate in controversy, or any part
thereof, and has no interest therein, and is not entitled to
maintain this suit.  Thereupon her suit was dismissed at
her costs.  From the judgment so rendered against her
plaintiff has appealed.

It may be here noted that the evidence, in respect of the
merits herein, is almost exclusively documentary, and con-
sists of certified copies of the respective wills of William
E. Krause and Susana Krause, and certified copies of the
probate proceedings pertaining to each will.  The main
question before us, aside from questions in respect of the
pleadings and the like, has to do, first, with the construc-
tion of the William E. Krause will; and, second, does his
widow's will convey any of the real estate owned by her
husband when he died?

In respect of the construction of wills and other written
instruments which have to do with conveyance of real es-
tate, the statute provides: "In the construction of every
instrument creating or conveying, or authorizing or requir-
ing the creation or conveyance of any real estate, or interest
therein, it shall be the duty of the courts of justice to

carry into effect the true interest (intent) of the parties, so far as such intent can be collected, from the whole instrument, and so far as such intent is consistent with the rules of law." Comp. St. 1922, sec. 5594.

Plaintiff concedes, as well she must, that Mrs. Susana Krause was clearly within her rights, under the will of her husband, when she sold and conveyed by deed a quarter-section of land in Cuming county and four or five city lots in Omaha and a number of lots in the city of West Point. She concedes that the will expressly vests authority in her to sell and convey real estate. But she persistently protests that the will did not vest in Mrs. Susana Krause "power and authority" to give and devise any portion of the real estate described therein to any person or persons whomsoever; and on the ground, as alleged, that the testator had already by his will provided for the disposition of the real estate which remained unsold at his wife's death.

The record discloses substantially these pertinent facts in addition to those already related:

When William and Susana Krause were married he was 24 and she was 20 years of age. When he executed his will he was 54 and his wife 50 years of age, and their two sons, Eugene and Amandus, were then 25 and 23 years of age respectively and unmarried. Only three persons, then, were the lawful and natural objects of the testator's bounty when his will was written. And these three were, of course, through all the years, the special objects of his solicitude and care.

From the language of his will it is apparent that the testator realized that his first obligation was to provide for the wife of his youth who was now in middle age. Naturally his first concern, so far as humanly possible, would be to provide for her comfort so long as she should live, even though it took his lands to the last rood. Evidently with this thought in mind the third paragraph of his will was written.

The language of the first part of the third paragraph reads:

"Third. I also give and bequeath to my beloved wife, Susana Krause, all the real estate owned by me and of which I am seised, at the time of my demise, hereby intending and making her, the said Susana Krause, owner in fee, with full title, of all property, personal and real, of which I may be the owner at the time of my death."

The foregoing language, if construed alone, without reference to what follows·in the same paragraph, and without reference to the fifth paragraph, would of course be held to convey a fee title. But the will must be considered in its entirety. And paragraph three, continuing, reads:

"With full power and authority to sell and convey the same, and by deed convey a title in fee to her grantees."

When all the language of this paragraph is construed together, it is apparent that the "full power and authority" which the testator vested in his wife is limited so that she could only "sell and convey * * * by deed * * * a title in fee to her grantees."

And besides, if, as defendant contends, the testator intended to, and did, by the language of the third paragraph, vest a fee title in his wife, clearly it was not necessary for him to insert, in the closing part of paragraph three, power to sell and convey the real estate. If she was already vested with the fee, she clearly had the power to sell. But, by the latter words, her estate was limited, as hereinbefore pointed out.

Under this power, as above noted, she sold the Cuming county farm, 4 or 5 city lots in Omaha, and about 16 city lots in West Point; so that she was not put to the delay, the annoyance and the expense of obtaining leave of court to sell such real estate as her needs might require from time to time.

In the probate proceedings of the estate of Mrs. Krause, it was disclosed that her personal estate consisted of about $5,000, notwithstanding the sale of the farm and the city lots. From this it is perhaps a reasonable deduction that, when Mr. Krause died, his personal estate was inconsiderable as compared with his real estate, and he therefore

Krause v. Krause.

realized the necessity of vesting in his wife a life estate in his lands, but with "power to sell and convey," to the end that the exigency of present needs might be presently met so long as she should live.

In respect of the fifth paragraph of his will, it is clear that it need not have been written, had the testator not contemplated that there would be a remainder of his real estate, unsold, when his wife died. The language of the fifth paragraph, when construed with that which precedes it in the third paragraph, clearly discloses that the testator contemplated that a remainder would be left over after his wife's death. Hence, with unmistakable language, he provided that such remainder should become the property of his sons. For reasons that are obvious, this would be the natural thing to do. Ordinarily it would be the thing that a normal man would do.

Clearly, the testator's will does not contravene any rule of law, and it seems to come within the language of a great law-writer, who defines a will to be "the legal declaration of a man's intentions, which he wills to be performed after his death." 1 Blackstone's Commentaries (Cooley) (4th ed.) *499. See *Albin v. Parmele,* 70 Neb. 740.

The rule to which we adhere in the construction of wills is well stated in *Weller v. Noffsinger,* 57 Neb. 455, wherein Sullivan, J., says:

"No rule of law is better settled, or more in accord with good sense, than that which requires the intention of the testator to be ascertained from a liberal interpretation and comprehensive view of all the provisions of the will. No particular words, no conventional forms of expression, are necessary to enable one to make an effective testamentary disposition of his property. The court, without much regard to canons of construction, will place itself in the position of the testator, ascertain his will, and, if lawful, enforce it."

The foregoing rule receives substantial support in the following cases: *Albin v. Parmele,* 70 Neb. 740; *Lesiur v. Sipherd,* 84 Neb. 296; *Grant v. Hover,* 103 Neb. 730; *Hill v.*

*Hill*, 106 Neb. 17; *Hiles v. Benton*, 111 Neb. 557, and cases there cited.

In the will under discussion the testator did not use an ambiguous word, nor, from its inception to its close, does it contain an involved sentence. We think that his meaning is clear, and that there can be no doubt, from the words he used, that it was his intention to dispose of his real estate, subject to his wife's use and life estate, with remainder over, at her death, to his two sons, in all respects as hereinbefore pointed out.

Defendant's contention that, under the will of Mrs. Susana Krause, he succeeds to the title and ownership of all the real estate which was owned by William E. Krause, in his lifetime, and which remained unsold by Mrs. Krause when she died, cannot be upheld in view of our construction of the will of her husband. Under this construction Mrs. Krause had no right or authority to give, or to devise, to any person, by will, any of the real estate formerly owned by her husband and which remained unsold when she died. It follows that the will of Mrs. Krause is ineffectual to disturb the rights of plaintiff to the real estate in question, and that defendant can take, under his mother's will, no part of the real estate which his father owned in his lifetime and which was not sold and conveyed by deed of conveyance by his mother in her lifetime.

Defendant complains because plaintiff did not file a motion for a new trial. But this is a suit in equity and, as hereinbefore noted, in her petition plaintiff prays "for judgment confirming the shares and interests of plaintiff and defendant in the said real property as herein set forth, and for a partition of the same according to the respective rights of said parties."

Plaintiff's title depends upon the construction of the will of William E. Krause, and the court having erroneously construed the Krause will, and having denied her right to a partition and the general relief for which she prayed, a motion for a new trial was not necessary. *Mohr v. Harder*, 103 Neb. 545. In the *Mohr* case we cited *Fisher v. Fisher*,

80 Neb. 145, wherein it is expressly held: "The district court has jurisdiction in an action of partition to construe a clause in a will determining the rights of the parties to the land under the will." The *Fisher* case is cited with approval in *Gotchall v. Gotchall*, 98 Neb. 730.

Defendant finally argues: "The will in this case makes the widow 'owner in fee, with full title,' and this cannot be limited or cut down by any later provision."

Cases are cited from other jurisdictions which seem to support this view. Plaintiff has likewise cited authorities from other states which hold to the contrary. By virtue, therefore, of the untiring industry of learned counsel, on each side of the controversy, we are again reminded that authorities are to be found which hold to directly conflicting views on the question immediately before us. But this court is thoroughly committed to the proposition that the intention of the testator, as gathered from all the language used in his will, shall be, in the language of the older writers, the polar star which shall guide in the construction of his will, provided that, in so doing, no rule of law is violated.

The construction contended for by defendant, however, appears to be an outgrowth of the antiquated common-law rule, since obsolete in Nebraska, and therefore it is without force here. *Hill v. Hill*, 106 Neb. 17; *Lesur v. Sipherd*, 84 Neb. 296. Other questions are discussed in the voluminous briefs of the parties, but, in view of our conclusion, we do not find it necessary to give them further attention.

The judgment of the district court is reversed and the cause remanded, with directions that the prayer of plaintiff's petition for partition be granted, and that the real estate in question be awarded to the parties as their respective rights may appear, or, if this cannot be done, that the property be sold and the proceeds be divided in accordance with this opinion.

REVERSED.

Note—See Wills, 40 Cyc. 995, 1091, 1386, 1388, 1392, 1414, 1582.